# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2977-18T1

NEW JERSEY DIVISION
OF CHILD PROTECTION
AND PERMANENCY,

     Plaintiff-Respondent,

v.

A.A.J.,

     Defendant-Appellant,

and

J.L. and C.C.C.,

     Defendants.

_____

IN THE MATTER OF THE
GUARDIANSHIP OF T.S.M., JR.,

     a Minor.

_____

Submitted November 7, 2019 – Decided December 19, 2019

Before Judges Koblitz, Whipple and Gooden Brown.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Essex County, Docket No. FG-07-0124-18.

Joseph E. Krakora, Public Defender, attorney for appellant (Robyn A. Veasey, Deputy Public Defender, of counsel; Mark Edward Kleiman, Designated Counsel, on the briefs).

Gurbir S. Grewal, Attorney General, attorney for respondent (Sookie Bae, Assistant Attorney General, of counsel; Merav Lichtenstein, Deputy Attorney General, on the brief).

Joseph E. Krakora, Public Defender, Law Guardian, attorney for minor (Margo E.K. Hirsch, Designated Counsel, on the brief).

PER CURIAM

Defendant, A.A.J. (Amanda), appeals from the February 21, 2019 judgment in favor of the New Jersey Division of Child Protection and Permanency (Division) terminating her parental rights to her son, T.S.M., Jr. (Todd).[1]  Having carefully reviewed the record, we affirm primarily for the reasons expressed in the thorough written opinion of Judge Nora J. Grimbergen issued with the judgment.

Defendant raises the following issues on appeal:

---

[1]  For the sake of anonymity, we utilize the pseudonyms from defendant's brief to protect the parties and the child.

POINT 1: THE TRIAL COURT'S FINDINGS WERE INCOMPLETE AND INADEQUATE TO SUSTAIN A JUDGMENT TERMINATING AMANDA'S PARENTAL RIGHTS BY CLEAR AND CONVINCING EVIDENCE AS REQUIRED BY N.J.S.A. 30:4C-15 AND 30:4C-15.1

A. THE TRIAL COURT ERRED IN FINDING THAT [THE DIVISION] DEMONSTRATED BY CLEAR AND CONVINCING EVIDENCE THAT THE CHILD'S HEALTH AND DEVELOPMENT HAD BEEN OR WILL CONTINUE TO BE ENDANGERED BY THE PARENTAL RELATIONSHIP UNDER THE FIRST PRONG.

B. THE TRIAL COURT ERRED IN FINDING THAT [THE DIVISION] DEMONSTRATED BY CLEAR AND CONVINCING EVIDENCE THAT AMANDA WAS UNWILLING OR UNABLE TO ELIMINATE THE HARM FACING THE CHILD OR IS UNABLE OR UNWILLING TO PROVIDE A SAFE AND STABLE HOME FOR THE [CHILD] AND THE DELAY OF PERMANENT PLACEMENT WILL ADD TO THE HARM UNDER THE SECOND PRONG.

C. THE TRIAL COURT ERRED IN FINDING THAT [THE DIVISION] DEMONSTRATED BY CLEAR AND CONVINCING EVIDENCE THAT TERMINATION OF AMANDA'[S] PARENTAL RIGHTS WILL NOT DO MORE HARM THAN GOOD UNDER THE FOURTH PRONG.

1. THE TRIAL COURT'S RELIANCE ON DR. SINGER'S OPINION WAS ERRONEOUS IN LIGHT OF [THE DIVISION'S] PLAN TO PURSUE THE CHILD'S PLACEMENT WITH HIS MATERNAL RELATIVES AND ITS

3

FAILURE TO EVALUATE THE ABILITY OF THOSE RELATIVES TO MITIGATE THE PURPORTED HARM CAUSED BY SEVERING THE CHILD'S RELATIONSHIP TO HIS FOSTER MOTHER.

2. THE TRIAL COURT LACKED ADEQUATE, SUBSTANTIAL, AND CREDIBLE EVIDENCE UPON WHICH TO DETERMINE THAT TERMINATION OF PARENTAL RIGHTS WOULD DO MORE GOOD THAN HARM IN LIGHT OF [THE DIVISION'S] PLAN TO PURSUE TODD'S PLACEMENT WITH HIS MATERNAL RELATIVES.

D. THE PREMATURE TERMINATION OF AMANDA'S PARENTAL RIGHTS PREVENTED THE TRIAL COURT FROM CONSIDERING KINSHIP LEGAL GUARDIANSHIP AS A VIABLE ALTERNATIVE UNDER THE THIRD PRONG.

In October 2014, Amanda gave birth to Todd. Although Amanda listed T.S.M. (Tim) as Todd's father, a paternity test confirmed Tim was not Todd's biological parent.[2] Amanda suffers from significant mental health disorders

---

[2] Amanda also named F.B., T.M., J.L., and C.C.C. as potential fathers. However paternity tests also revealed that neither F.B. nor T.M. were Todd's biological father. Further, the Division was not able to locate both J.L. and C.C.C. Default was entered against J.L. on October 25, 2018 and C.C.C. on February 7, 2019. Default was entered against Todd's biological father, whomsoever he may be, on July 19, 2018.

which have impaired her ability to function as a parent. After Todd's birth the Division provided services and monitored Amanda's progress.

The Division received a referral alleging that Amanda was smoking marijuana around Todd, abusing her prescription medications, consuming Percocet, and engaging in acts of domestic violence. The referral alerted that Todd was being overdosed with Tylenol, he developed rashes because his diaper was not being changed, and there was no food in the home. A Division investigator met with Amanda who informed the investigator that she was being evicted from her home because she owed three months' rent.

Due to the investigator's concerns about Todd's development, the investigator suggested the family take Todd to the hospital. As a result of what the Division worker personally observed in the home and at the hospital, the Division conducted an emergency removal of Todd and placed him in the home of a non-relative resource parent where he remained until he was recently placed with relatives who are committed to adopting him.

The Division filed for custody of one-year-old Todd on November 12, 2015, because of Amanda's mental health, non-compliance with medication, the family's eviction, Amanda's behavior at the hospital, and Todd's physical condition. The Division provided Amanda with supervised visitation and

referred her to numerous services. During the pendency of the proceedings, the Division considered alternatives to termination, however, Amanda only showed marginal improvement.

For two years, the Division provided supervised visits with Todd and referred Amanda to therapy, substance abuse treatment, and parenting classes but her attendance was erratic and she routinely missed scheduled appointments. She also tested positive for marijuana on occasion. The Division filed a complaint for guardianship and order to show cause on May 04, 2018.

On February 07, 2019, a guardianship trial was conducted. The Division called three witnesses: Dr. Mark Singer, an expert in bonding and parental fitness; Ereka Sweat, a Division adoption worker; and Nefaltio Lopez, a Division permanency worker. Neither Amanda nor the Law Guardian presented any witnesses.

On February 21, 2019, Judge Grimbergen issued a written opinion which terminated Amanda's parental rights to Todd and entered a judgment of guardianship. Judge Grimbergen gave thoughtful attention to the importance of permanency and stability from the perspective of Todd's needs, and she found the Division had established by clear and convincing evidence all four prongs of the best-interests test, N.J.S.A. 30:4C-15.1(a), which, in the best interest of

the child, permits termination of parental rights.  <u>In re Guardianship of K.H.O.</u>, 161 N.J. 337, 347-48 (1999).

In this appeal, our review of the judge's decision is limited.  We defer to her expertise as a Family Part judge, <u>Cesare v. Cesare</u>, 154 N.J. 394, 411-13 (1998), and we are bound by her factual findings so long as they are supported by sufficient credible evidence, <u>N.J. Div. of Youth & Family Servs. v. M.M.</u>, 189 N.J. 261, 279 (2007) (citing <u>In re Guardianship of J.T.</u>, 269 N.J. Super. 172, 188 (App. Div. 1993)).  We conclude the factual findings of Judge Grimbergen are fully supported by the record and the legal conclusions drawn therefrom are unassailable.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2977-18T1